IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEWEY ROSHAUN PRUITT, ) | |
|    Petitioner, ) | |
| ) | CRIMINAL NO. 11-00336-KD |
| v. ) | |
| ) | CIVIL NO. 13-00456-KD |
| UNITED STATES OF AMERICA, ) | |
|    Respondent. ) | |

**ORDER**

This action is before the Court on the Motion under 28 U.S.C. § 2255 to Correct, Set Aside, or Vacate Sentence (the Petition) (Doc. 34[1]) filed by Petitioner Dewey Roshaun Pruitt, a federal prisoner proceeding pro se; the Government's response in opposition (Doc. 37); and Pruitt's Reply (Doc. 38) to the Response. The Court finds that Pruitt's § 2255 petition is due to be **DENIED**, that this action is due to be **DISMISSED with prejudice**, and that Pruitt is not entitled to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

**1. Procedural History**

On November 23, 2011, a grand jury of this district returned an indictment against Pruitt. Doc. 1. The indictment alleged in Count One that Pruitt violated 21 U.S.C. § 846; to wit, Pruitt conspired to distribute and posses with the intent to distribute marijuana. Under the representation of Carlos Williams, Pruitt plead guilty, pursuant to the plea agreement, to Count One of the indictment on March 27, 2012. Doc. 21. In the plea agreement, Pruitt waived his right to file a direct or collateral appeal.[2]

Prior to sentencing, the United States Probation Office prepared a pre-sentence investigation report. Doc. 23. The pre-sentence report determined that Pruitt's base offense level was

---

[1] All docket citations refer to the docket of the criminal action.
[2] The undersigned's inquiry into Pruitt's understanding of this waiver was brief. Thus, the Court has not relied on the waiver in making the determination that the motion is due to be denied.

eighteen under U.S.S.G. § 2D1.1(c)(11). Doc. 23, p. 9. Pruitt's base offense level was increased three points because Pruitt was a "manager/supervisor and the offense involved five or more participants or was otherwise extensive" under U.S.S.G. § 3B1.1(b). Doc. 23, p. 9. Additionally, the guidelines called for a two-point credit for Pruitt's acceptance of responsibility under U.S.S.G. § 3E1.1(a) and a one-point credit for Pruitt providing timely information to the government as to his intent to plead guilty or his involvement in the offense under U.S.S.G. § 3E1.1(a). The pre-sentence report concluded that the total base guideline range was eighteen and a criminal history category of VI, which called for an advisory guideline range of fifty-seven to seventy-one months. Pruitt's offense, however, carried a statutory maximum of sixty months, so the guideline range was recalculated to fifty-seven to sixty months. Doc. 20, pp. 20-21.

On October 11, 2012, the Court sentenced Pruitt to fifty-seven months' imprisonment, followed by three years of supervised release. Doc. 28. No direct appeal was taken. On September 11, 2013, Pruitt filed the present Petition.

**2. Habeas Generally**

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence . . . . If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been a such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate

2

and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(a)-(b).

Habeas relief is an extraordinary remedy which "may not do service for a[] [direct] appeal." United States v. Frady, 456 U.S. 152, 165 (1982). A petitioner who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Id. at 164. "[U]nless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited." United Sates v. Addonizio, 442 U.S. 178, 185 (1979) (citation and quotation omitted); see also Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998) ("Nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a fundamental defect which inherently results in the miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.") (citations and internal quotations omitted). "A habeas petitioner must present a claim in clear and simple language such that the district court may not misunderstand it." Dupree v. Warden, 715 F.3d 1295, 1299 (11th Cir. 2013). The Court, however, "liberally construe[s] petitions filed pro se." Id.

a. **Procedural Bar**

After sentencing, Pruitt took no direct appeal of his sentencing in the underlying criminal case. Now, Pruitt raises two challenges to the Court's sentence in his petition. Doc. 34. "Under the procedural default rule, 'a [petitioner] generally must advance an available challenge to a . . . sentence on direct appeal or else the [petitioner] is barred from presenting that claim in a § 2255 proceeding.'" McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004)). The Supreme Court has described this rule as "neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in finality of

3

judgments." Massaro v. United States, 538 U.S. 500, 504 (2003). Here, it is uncontested that Pruitt failed to seek relief of any of his claims on direct appeal. Thus, he is procedurally defaulted on his claim that the Court erroneously enhanced his sentence under U.S.S.G. § 3B1.1(b).

### i. Procedural Bar Exceptions

Pruitt's procedural default, however, can be overcome if it can be shown that either of two exceptions apply: (1) a petitioner must show the cause of the default and show actual prejudice due to the cause or (2) a petitioner must show that there is a fundamental miscarriage of justice, or actual innocence. McKay, 657 F.3d at 1196. The petitioner bears the burden of showing that an exception to the procedural default rule applies. See Sullivan v. Wainwright, 695 F.2d 1306, 1310 (11th Cir. 1983) (noting that the burden of proof was on the petitioner in a habeas corpus proceeding, including to establish cause and prejudice to excuse procedural default).

Pruitt's petition (Doc. 34) and Reply (Doc. 37) can be construed as raising arguments that fall under both of the exceptions to a procedural default.[3] Each exception and Pruitt's applicable argument will be dealt with in turn.

### 1. Cause and Prejudice Exception

First, Pruitt argues that "the Government's drafted plea agreement [] is the genises [sic] of the procedural default." Doc. 38, p. 3. The Court understands this as Pruitt arguing that the plea agreement is an objective factor that prejudiced him.

To satisfy the first exception to a procedural default, a petitioner "must show that some objective factor external to the defense prevented [petitioner] or his counsel from raising his

---

[3] It is not the normal policy of the Court to address arguments first raised in a response, but for the sake of justice, Pruitt's pro se arguments raised in his response are dealt with more "liberally than [arguments] drawn up by an attorney." E.g., Gunn v. Newsome, 881 F.2d 949, 961 (11th Cir. 1989).

4

claim on direct appeal and that this factor cannot be fairly attributable to [petitioner's] own conduct." Lynn v. United States, 365 F.3d 1225, 1235 (11th Cir. 2004). To establish that the cause of the procedural bar actually caused prejudice, a petitioner must show, "not merely that the error[] [claimed] created a possibility of prejudice, but that [it] worked to his actual and substantial disadvantage, infecting his entire [sentencing] with error of constitutional dimensions." Unites States v. Frady, 456 U.S. 152, 170 (1982).

The Court finds Pruitt's argument that the plea agreement is an independent cause that prejudiced him unpersuasive. Although the plain language of the plea agreement does prevent Pruitt from raising a direct appeal, the execution of the plea agreement is fairly attributable to Pruitt's own conduct. Not only did he sign the plea agreement, Pruitt testified in open court that he read and discussed the agreement with his attorney. Doc. 37-1, p. 4. Further, Pruitt has failed to show how the plea agreement worked an actual prejudice. Thus, Pruitt cannot overcome the procedural default rule on this argument.

Next, Pruitt argues that the procedural default should be excused because his attorney was ineffective in that counsel advised against Pruitt filing a direct appeal, failed to object to the presentence report, and failed to object to the flaws in Pruitt's sentencing. Doc. 38, p. 4.

"Constitutionally ineffective assistance of counsel can constitute cause." Holladay v. Haley, 209 F.3d 1243, 1254 (11th Cir. 2000). "In order to do so, however, the claim of ineffective assistance must have merit." United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000). It is also important to note that the "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Massaro v. United States, 538 U.S. 500, 504 (2003). Indeed, "in

5

most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." Id. at 504.

In order to show that counsel is ineffective, a petitioner must show (1) that counsel's performance failed to meet "an objective standard of reasonableness" and (2) that the petitioner's rights were prejudiced as a result of the attorney's substandard performance. Strickland v. Washington, 466 U.S. 668, 688-94 (1984). Strickland has been extended to apply to an attorney's effectiveness in relation to a direct appeal. See Roe v. Flores-Ortega, 528 U.S. 470 (2000) ("We hold today that [Strickland] applies to claims, like the respondent's, that counsel was constitutionally ineffective for failing to file a notice of appeal.").

In Flores-Ortega, the Supreme Court held that an attorney that fails to file an appeal a client specifically requests acts in a professionally unreasonable manner per se. Id. at 477 (citing Rodriquez v. United States, 395 U.S. 327 (1969)). The Court went on to hold:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe that the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to the appeal. If counsel has not consulted with the defendant, the court must turn and ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes a deficient performance.

Id. at 478. The court went on to reason that it could foresee some situations where counsel's failure to consult a client about appeals would still fall outside of the bounds of ineffective assistance. Id. at 479-80. Instead of a bright line rule for consultation, the Court held:

6

> Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is a reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that a defendant seeks an end to judicial proceedings. Even in cases where the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in appeal.

Id. at 480. The Court went on to find that a failure to file an appeal that the defendant wanted satisfies the prejudice portion of the Strickland test. Id. at 483 ("Under such circumstances, no showing of prejudice is required, because the adversary process itself is presumptively unreliable.") (citations and internal quotations omitted); see also Gomez-Diaz v. United States, 433 F.3d 788, 792 (11th Cir. 2005) ("In such cases, prejudice is presumed because rather than being denied the opportunity for a fair proceeding, the defendant is denied the opportunity for a proceeding at all.").

In this case, Pruitt has failed to show that his attorney was ineffective by not filing a direct appeal to his sentence. Pruitt has only stated that his attorney advised that he not file a direct appeal. Doc. 38, p. 4. Based on this, the Court can infer that defense counsel consulted with Pruitt as to the advantages and disadvantages of a direct appeal. Pruitt failed to contend that after being consulted that he instructed his attorney to file an appeal. Instead, Pruitt has only

7

offered the Court facts tending to suggest that his attorney advised that a direct appeal would be frivolous and that Pruitt followed such advice.

Additionally, Pruitt plead guilty to his charge and agreed to the factual resume attached therein. Doc. 21. The facts contained in the factual resume that Pruitt signed[4] support his sentence enhancement as a manager/supervisor of a conspiracy involving five people possessing with the intent to distribute marijuana. Thus, Pruitt's counsel was not ineffective for failing to object to the US.S.G. § 3B1.1(b) enhancement. See Strickland v. Washington, 466 U.S. 668, 694 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different.")

The Court finds that Pruitt has failed to show that a rational defendant would want to appeal the sentence, that he sufficiently demonstrated a desire to counsel to appeal the sentence, or that his sentence would have been different had counsel objected. Thus, his claim of ineffective assistance of counsel, individually and as an exception to the procedural default rule, is unconvincing.

### 2. Actual Innocence Exception

Pruitt's third argument states that the "Court's enhancement for a supervisory/management role of an offense involving 5 or more people pursuant to § 3B1.1(b) was improper and not supported by the facts presented to the Court or contained in the Pre-Sentence Report." Doc. 34, p. 2. The Court understands this argument as Pruitt claiming that the Court's enhancement of his base offense level was improper because there was a legally insufficient basis for doing so. [5]

---

[4] Pruitt also affirmed in open court that the government could prove these facts against him. Doc. 37-1, p. 9.
[5] Pruitt also makes a totally meritless claim that his sentence violates Unites States v. Alleyne, 133 S. Ct. 2151 (2013). Alleyne holds that "any fact that increases the mandatory minimum

"Under the actual-innocence exception, the [petitioner] must show that he was 'actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself.'" Hill v. United States, No. 12-13065, 2014 WL 2722534, *2 (11th Cir. Apr. 4, 2014) (quoting McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011)). Within the Eleventh Circuit, "[w]hether the actual-innocence exception extends to the non-capital sentencing context is an open question." Id.[6] But what is known within this circuit is that "[t]he actual-innocence exception is 'exceedingly narrow in scope' because it requires that the [petitioner] establish that he was, in fact, innocent of the offense, not merely legally innocent, even in the sentencing context." Id. (citing Lynn v. United States, 365 F.3d 1225, 1235 (11th Cir. 2004)); see also Bousley v. United States, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal sufficiency."). In other words, a petitioner will have to do more than establish "legal innocence of a predicate offense justifying an enhanced sentence" to overcome a procedural default. McKay, 657 F.3d at 1199. The Eleventh Circuit articulated that the reasoning behind this narrow rule is to "ensure that this exception remains 'rare' and is only applied in [] 'extraordinary case[s]." Id.

In this case, Pruitt has failed to satisfy the actual innocence exception to the procedural default rule. Although he couches his argument as his sentence enhancement not being

---

[sentence] is an 'element' that must be submitted to the jury." Id. at 2155. Moreover, Alleyne does not apply retroactively to cases in collateral review. Chester v. Warden, No. 12-15119, 2014 WL 104150, *4 (11th Cir. Jan. 13, 2014).

[6] In the seminal case of McKay v. United States, the Eleventh Circuit evaluated Supreme Court precedent and found that the actual innocence question was unanswered. 657 F.3d 1190, 1197 (11th Cir. 2011). The Eleventh Circuit went on to survey several circuits' application of the actual innocence exception and found that they "have reached divergent conclusions." Id.; see generally Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 171 (2d Cir. 2000) (holding that the actual innocence of sentence exception does apply in the noncapital sentencing context); United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999) (limiting the application of the actual innocence exception to career or habitual offender sentences); Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997) (en banc) (limiting the actual innocence exception to the capital sentencing context).

"supported by the facts," a diligent reading of the Petition shows that Pruitt does not point to any evidence demonstrating the he is factually innocent of the offense that forms the predicate for the Court's enhancement. See Doc. 34. Instead, Pruitt makes the purely legal argument that the conspiracy he plead guilty to did not meet the guideline requirements for the sentence enhancement he received pursuant to U.S.S.G. § 3B1.1(b). This argument cannot carry the day in light of the Eleventh Circuit's current precedent. See McKay, 657 F.3d at 1200 ("We thus decline to extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence."). Accordingly, Pruitt's claim of actual innocence is due to be rejected.

Based on the foregoing, the Court finds that Pruitt's § 2255 habeas petition is procedurally defaulted and thus, the Government's Motion to Dismiss (Doc. 37) is due to be granted and the Petition (Doc. 34) is due to be **DISMISSED** as procedurally defaulted.

3. **Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules governing § 2255 Proceedings, the undersigned finds that a certificate of appealability in this case is due to be denied. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the

prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot* [*v. Estelle*, 463 U.S. 880, 893 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further[]") (internal quotation marks omitted). Accord Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Pruitt's petition does not warrant the issuance of a certificate of appealability as his claims are procedurally defaulted, and he has failed to show that either of the procedural default rule exceptions apply. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant Petition or that Pruitt should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further[]"). Accordingly, the undersigned concludes that no reasonable jurist could find it debatable whether

Pruitt's petition should be dismissed and as a result, he is not entitled to a certificate of appealability.

### 4. *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000); see also Weaver v. Patterson, No. 11-00152-WS-N, 2012 WL 2568218, *7 (S.D. Ala. Jun. 19, 2012), report and recommendation adopted, 2012 WL 2568093 (S.D. Ala. July 3, 2012) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). See Fed. R. App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); DeSantis v. United Techs, Corp., 15 F. Supp. 2d 1285, 1288-89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless.' Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993)"). But see, e.g., United States v. McCray,

Nos. 4:07cr20-RH, 2012 WL 1155471, *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal[]").

Upon consideration, the Court finds and certifies that any appeal by Pruitt in this action would be without merit and therefore not taken in good faith. Accordingly, Pruitt is not entitled to appeal *in forma pauperis*.

### 5. Conclusion

Accordingly, it is **ORDERED** that Petitioner Dewey Roshaun Pruitt's Motion to Correct, Set Aside, or Vacate Sentence pursuant to 28 U.S.C. § 2255 (Doc. 34) is **DISMISSED** as procedurally defaulted; judgment will be entered against Petitioner Dewey Roshaun Pruitt, and in favor of Respondent the Unites States of America. The undersigned further finds that Pruitt is not entitled to the issuance of a certificate of appealability, and therefore, is not entitled to proceed *in forma pauperis*.

DONE and ORDERED this the 3rd day of July 2014.

<u>s/ Kristi K. DuBose</u>
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE